IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ALLEN WAYNE BROWNING & SHERREE BROWNING, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO.: 7:23-CV-128 (WLS) |
| JOSEPH ALEXANDER RICCIO, | : : : | |
| Defendant. | : : | |

**ORDER**

Before the Court is a Joint Stipulation for Dismissal with Prejudice (Doc. 24) ("Stipulation"), filed on September 22, 2025. Therein, Plaintiffs attempt to dismiss, with prejudice, their complaint against Defendant Joseph Alexander Riccio pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). In this Stipulation, Plaintiffs include signatures from Attorney for Plaintiffs and Attorney for Riccio. However, Fed. R. Civ. P. 41(a)(1)(A)(ii) provides that "the Plaintiff may dismiss an action without a court order by filing: . . . a stipulation of dismissal signed by *all* parties who have appeared." (emphasis added). The Eleventh Circuit tells us that when it comes to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), "all means all." *City of Jacksonville v. Jacksonville Hosp. Holdings*, L.P., 82 F.4th 1031, 1038 (11th Cir. 2023). Where parties "purport[] to voluntarily dismiss their claims through joint stipulations but [do] not obtain the signatures of 'all parties who ha[ve] appeared' . . . the dismissals [are] ineffective." *Id.* at 1039. In this case, attorneys for Auto Owners Insurance Company filed an Answer (Doc. 3). Under Local Rule 83.1.3, "[t]he filing of any pleading, unless otherwise specified by the court, shall constitute an appearance by the person(s) signing such pleading." Therefore, Auto Owners Insurance Company has appeared. Because the instant Stipulation as to Riccio lacks the signatures of all parties who have appeared, it is ineffective.

1

Therefore, the Court **REJECTS** the Parties' Stipulation (Doc. 24) without prejudice. Plaintiff's claims against Riccio remain pending. If Plaintiffs wish to attempt to file an effective Stipulation of Dismissal with Prejudice as to Riccio, they must do so in compliance with the Rule by Tuesday, October 14, 2025.

**SO ORDERED**, this 29th day of September 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**